The Honorable Hubert Hankins State Representative 3901 Fir Street Pine Bluff, AR 71603
Dear Representative Hankins:
This is in response to your request for an opinion regarding Act 56 of 1987. You have asked the following specific question in this regard:
 Does Section 1 of Act 56 of 1987 restrict the City of Pine Bluff's authority to administer and enforce planning and zoning ordinances outside their corporate limits to two miles beyond the corporate limits or does Section 4 of Act 56 of 1987 leave their authority for planning and zoning at five miles?
Section 1 of Act 56 of 1987 is codified at A.C.A. 14-56-413(a)(2) (Supp. 1987) and states as follows under subparagraphs (A) and (B):
 (a)(2)(A) cities now having eight thousand (8,000) population or more and situated on navigable streams shall have the authority to administer and enforce planning and zoning ordinances outside their corporate limits as follows:
 (i) For cities of eight thousand (8,000) to fifty thousand (50,000) population, the jurisdictional area will be one (1) mile beyond the corporate limits;
 (ii) For cities of fifty thousand (50,000) to one hundred fifty thousand (150,000) population, the jurisdictional area will be two (2)miles beyond the corporate limits;
 (iii) For cities of one hundred fifty thousand (150,000) population and over, the jurisdictional area will be three (3) miles beyond the corporate limits.
 (B) The city populations will be based on the latest available United States census data.
Section 4 of Act 56 is codified at A.C.A. 14-56-413(a)(2)(C) (Supp. 1987) as follows:
 (a)(2)(C) The provisions of this subdivision (a)(2) shall not restrict the powers of any city currently exercising the authority authorized under this subdivision.
A review of the language of Act 56 indicates that the "authority' referenced under Section 4 of the Act [A.C.A. 14-56-413(a)(2)(C)] is that set forth under subsection (e) of Section 1 of Act 134 of 1965. This provision, prior to its amendment by Act 56 of 1987, stated in pertinent part as follows:
 Planning Commissions in cities of the first and second class situated on navigable streams shall have planning and zoning jurisdiction over the territory lying along the stream for a distance of five (5) miles of the corporate limits, in either direction, and for a distance of two (2) miles laterally from the thread of the stream.
If Pine Bluff was exercising this authority at the time of the passage of Act 56 of 1987 (approved by the Governor on February 18, 1987), it may be concluded that the City's "planning and zoning jurisdiction over the territory lying along the stream for a distance of five (5) miles of the corporate limits" continues in effect. It should be recognized, however, that this provision only relates to "the territory lying along the stream." See, Section 1(e) of Act 134 of 1965. The two (3) mile jurisdictional area established under the 1987 Act will otherwise apply, since the population of Pine Bluff according to the most recent U.S. Census data is sixty-three thousand (63,000).
Thus, in response to your specific question, the City of Pine Bluff's authority to administer and enforce planning and zoning ordinances extends beyond the corporate limits for a distance of two (2) miles, except for that territory lying along the navigable stream. Authority with respect to that territory extends for five (5) miles beyond the corporate limits, if the City was in fact exercising this authority as discussed herein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.